MILLS, Judge.
Smith appeals from a final judgment which awarded the proceeds of a life insurance policy to Wilson. We affirm.
Aron Evans was an employee of the Waste Water Collection Division of the Underground Utilities Department of the City of Tallahassee. He was insured with the City’s group life insurance plan under a policy issued by Massachusetts Mutual. On 12 April 1974, Evans designated Lucille Smith as the beneficiary of his policy on a form entitled “Application for Survivor’s Benefit and Beneficiary Designation.” That form was kept in Evans’ file in the office of John Bramlett, an administrator with the City Retirement System.
Although not legally married, Evans and Smith had been living together as husband and wife for some time when he designated her as his beneficiary. However, in November 1974, the couple ended their relationship and never lived together again. Shortly after this separation, Evans began living with Inez Wilson.
Sometime in 1980, the Waste Water Collection Division requested its employees to fill out an “Employee Personal Data Form.” The purpose of these forms was to give the Division current information so that family members could be contacted in an emergency and so that employees could be contacted after regular working hours.
Evans filled out one of the forms. At the bottom of the form appeared the words “Designated Beneficiary.” Under these words, Evans filled in the name “Inez Wilson Evans,” identifying her as his “wife.” This form was kept in the files of the Waste Water Collection Division, not in the insurance records maintained in Bramlett’s office.
On 23 March 1982, Evans died. The record shows that he had lived with Wilson continuously since 1974. Despite the beneficiary designation on the Employee Personal Data Form, Smith was notified by the City that she was the beneficiary of Evans.’ policy and was asked to sign a claim form. Thereafter, Wilson filed her complaint against Smith, the City, and Massachusetts Mutual, alleging that she was the rightful beneficiary of the policy. Smith countered by arguing that any attempted change of beneficiary by Evans was ineffective because it failed to comply with the terms of the policy regarding a change of beneficiary.
The pertinent terms of the policy are as follows:
*444 1. The insured employee shall have the sole right to designate the beneficiary to whom any death benefit shall be payable. Such designation shall be recorded in the insurance records maintained in accordance with the section of the General Provisions entitled Insurance Data. Any employee may at any time and without the consent of the beneficiary change said designation by making written request. Such change, when recorded, shall relate back and take effect as of the date the employee signed said written request, whether or not the employee is living at the time of such recording, but without prejudice to the Massachusetts Mutual on account of any payment made by it before such recording of the change. (Emphasis added)
At the final hearing held on Wilson’s complaint, there was unrebutted testimony from several close friends and relatives of Evans that he intended for the proceeds of his life insurance policy to go to Wilson upon his death. Final judgment was subsequently entered for Wilson, and Smith appeals.
Florida law requires strict compliance with the terms of the policy in order to effect a change of beneficiary. Shuster v. New York Life Insurance Co., 351 So.2d 62 (Fla.3d DCA 1977), quashed in part, 373 So.2d 916 (Fla.1979). This attempted change of beneficiary did not comply with the policy terms. The Employee Personal Data Form was not recorded in the insurance records which were maintained in Bramlett’s office, nor was there a date or signature on that form.
However, we decline to apply the rule of strict compliance in this case. The record makes it clear not only that Evans, a man with a sixth grade education, intended that the proceeds of this policy go to Wilson, but also that he actually thought he had done everything necessary to effectuate that intent. More importantly, any fault in failing to file the beneficiary change in the proper place or in failing to require a signature and date on the Employee Personal Data Form lies with the City, acting as agent for Massachusetts Mutual, not with Evans.
For the foregoing reasons, the judgment of the trial court is affirmed.
SHIVERS and ZEHMER, JJ., concur.