655 So.2d 164 (1995)
WALGREEN COMPANY, Appellant,
v.
HABITAT DEVELOPMENT CORPORATION, Appellee.
No. 95-311.
District Court of Appeal of Florida, Third District.
May 10, 1995.
Rehearing Denied June 21, 1995.
*165 Rollnick Rosen Linden Steinman & Levy and Charles M. Levy, Coral Gables, for appellant.
Catlin, Saxon, Tuttle and Evans, H. James Catlin, Jr., and Stephen J. Kolski, Jr., Miami, for appellee.
Before HUBBART, LEVY and GODERICH, JJ.
PER CURIAM.
This case deals with the long-term commercial lease of the landmark Walgreen building in downtown Miami. The landlord filed an action for declaratory relief requesting the trial court to interpret and construe the Surrender Clause of the long-term commercial lease which requires that the property be returned "in a safe condition and reasonably good order and repair."[1] The trial court found that this phrase requires the tenant to return the property "in tenantable and rentable condition so that the premises are returned in reasonably like-new or nearly-new condition, safe and fit for immediate occupancy and rental."
In the instant case, the parties have conceded, and the trial court specifically ruled, that the phrase is clear and unambiguous. When a contract is clear and unambiguous, the court is not at liberty to give the contract "any meaning beyond that expressed." Bay Management, Inc. v. Beau Monde, Inc., 366 So.2d 788, 791 (Fla. 2d DCA 1978); see also Pafford v. Standard Life Ins. Co. of Ind., 52 So.2d 910, 911 (1951); Dune I, Inc. v. Palms N. Owners Ass'n, 605 So.2d 903 (Fla. 1st DCA 1992); City of Winter Haven v. Ridge Air, Inc., 458 So.2d 434 (Fla. 2d DCA 1984). Further, when the language is clear and unambiguous, it must be construed to mean "just what the language therein implies and nothing more." Camichos v. Diana Stores Corp., 157 Fla. 349, 25 So.2d 864, 870 (1946); see also Federal Home Loan Mortgage Corp. v. Molko, 602 So.2d 983 (Fla. 3d DCA 1992); BMW of N. Am., Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985), review denied, 484 So.2d 7 (Fla. 1986).
In the instant case, the trial court found that the phrase "in a safe condition and reasonably good order and repair" requires the tenant to return the property "in tenantable and rentable condition so that the premises are returned in reasonably like-new or nearly-new condition, safe and fit for immediate occupancy and rental." The trial court clearly gave this phrase a "meaning beyond that expressed." Bay Management, 366 So.2d at 791. The phrase "reasonably good order and repair" does not imply that the property must be returned in "like-new or nearly-new condition." Further, "reasonably good order and repair" does not equate with "reasonably like-new or nearly-new condition," nor does it necessarily equate with "fit for immediate occupancy and rental." Accordingly, we find that the trial court erred in rewriting the Surrender Clause.
The trial court also found that in order to comply with the "safe condition" requirement of the Surrender Clause, the tenant had to "return the building in full compliance with the South Florida Building Code and Life Safety Code ... which are applicable and in force and effect on August 31, 1995." Upon remand, the trial court is to amend the judgment to reflect that this requirement *166 is subject to any exemptions or grandfather provisions contained in the codes for existing buildings.
Further, we find that the trial court erred in finding that the tenant "is obligated to return the original building (which is the building WALGREENS will return) in the same configuration and for the same use as the new building contemplated in Article 10 of the lease." Article 10 of the lease provides that the tenant is permitted to demolish the building and erect a new building. Article 10 further sets forth the configuration, use and requirements of the new building. The trial court erred in applying this portion of Article 10 where the tenant never exercised its option of demolishing the building as provided for by Article 10. In 1983, the tenant made landlord approved renovations to the existing building, but never demolished the building. Therefore, this portion of Article 10 is not applicable in the instant case. Rather, the tenant is only required to return all renovations "in a safe condition and reasonably good order and repair" as provided for in Article 27.
Accordingly, we reverse and remand in order for the trial court to amend the final judgment in accordance with this opinion and for further implementation of the Surrender Clause.
NOTES
[1] Article 27, entitled Surrender at End of Term, provides as follows:

Tenant shall on the last day of the term hereof, or upon the earlier termination of the term hereof surrender and deliver up to the Landlord the demised premises including all improvements, alterations and additions constructed, erected, added or placed by Tenant thereon, including all building equipment, in or appurtenant there (but not including Tenant's trade fixtures), in safe condition and reasonably good order and repair, except as provided in Article 17(f).