662 So.2d 980 (1995)
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant,
v.
Lynn OLAH, as personal representative of the Estate of Aileen Lattanzio and the Estate of Daniel Lattanzio, Appellee.
No. 94-04340.
District Court of Appeal of Florida, Second District.
October 25, 1995.
*981 George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellant.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for Appellee.
QUINCE, Judge.
Nationwide Mutual Fire Insurance Company (Nationwide) appeals an order of the trial court finding it liable for damages to the Estate of Aileen Lattanzio (the Estate) under the uninsured motorist (UM) portion of an automobile policy issued to Daniel Lattanzio, deceased (Lattanzio). We reverse because the vehicle was an insured vehicle under the liability portion of the policy and cannot be uninsured under the same policy.
On July 1, 1993, Daniel Lattanzio was operating a vehicle owned by Theodore and Margaret Simon. The Simons and Aileen Lattanzio were passengers in the vehicle. Because of the negligent operation by Lattanzio the Simon vehicle crossed the center line striking a vehicle occupied by Mr. and Mrs. Born.[1] All six of the individuals died as a result of this accident. The vehicle being driven by Lattanzio was covered under a policy issued to the Simons by Allstate Insurance Company. Lattanzio had automobile insurance with Nationwide on two vehicles he owned.
The estates of all the decedents made various claims against the Allstate and Nationwide policies. Allstate tendered its liability limits of $100,000.00 to Lynn Olah, on behalf of the Estate of Aileen Lattanzio. Nationwide paid its liability limits of $300,000.00 for the wrongful death claims made by the estates of the Simons and the Borns. Olah made a demand for payment to Nationwide under both the liability and UM portions of that policy.
Nationwide filed a declaratory judgment action seeking a declaration that the Estate of Aileen Lattanzio could not recover under the liability portion of the policy because of the family exclusion and a declaration that the Estate could not recover under the UM portion of the policy because the vehicle was insured under the liability portion of the policy. Olah answered and counterclaimed on behalf of the Estate claiming coverage under both the liability and UM portions of the Nationwide policy covering the two Lattanzio vehicles. Both parties filed motions for summary judgment. The trial court granted partial summary judgment to Nationwide on the liability issue finding the family exclusion provision prevented recovery by the Estate. The trial court also granted partial summary judgment to the Estate finding coverage under the UM portion of the policy. The parties stipulated to damages of $200,000.00 while reserving the right to appeal the trial court's ruling on the coverage issues.
This appeal only addresses that portion of the trial court's order finding UM coverage under the Nationwide policy. It is undisputed that the Simons' vehicle is covered under the liability portion of the Nationwide policy and the Allstate policy. The Estate did not, however, recover under that portion of the Nationwide policy because of the family exclusion provision. The Estate recovered damages under the Allstate liability policy. The question remains whether the Estate can recover under the UM provisions of the Nationwide policy.
*982 When construing an insurance policy to determine coverage the pertinent provisions should be read in pari materia. Prudential Prop. & Cas. Ins. Co. v. Bonnema, 601 So.2d 269 (Fla. 5th DCA 1992); Financial Fire & Casualty Co. v. Callaham, 199 So.2d 529 (Fla. 2d DCA 1967). Thus, both the liability and UM portions of the Nationwide policy must be read together to determine what, if any, coverage is available to this Estate. The liability portion of the Nationwide policy provides liability coverage to any passenger vehicle being used by the insured that is "owned by a non-member of your household and not covered in item 1. of this section."[2] Under the exclusions section of the liability coverage, no coverage will apply for "bodily injury to any Insured or any member of an Insured's family residing in the Insured's household." The UM portion of the policy extends coverage for bodily injuries sustained by the insured or a relative when the vehicle in which the loss occurred has no insurance coverage or, if covered, the coverage afforded is less than the damages. However, the policy further provides that uninsured does not include "any motor vehicle insured under the liability coverage of this policy."
This language is clear and unambiguous. The Simon vehicle was covered under the liability portion of Lattanzio's policy because it was a being operated by Lattanzio. However, Mrs. Lattanzio's Estate cannot recover under the liability coverage because she was a member of the insured's household. Additionally, since the vehicle is insured under the liability portion of the policy, it cannot be uninsured under the UM portion of the policy. This type of situation was addressed by the supreme court in Reid v. State Farm Fire & Cas. Co., 352 So.2d 1172 (Fla. 1977). In Reid the claimant's father had an insurance policy on the family car. The claimant was injured while her sister was operating the vehicle with the father's permission. The claimant filed suit against her sister and State Farm alleging she was injured as a result of the sister's negligence. State farm denied coverage relying upon the family exclusion provision in the policy. Reid alternatively claimed coverage under the uninsured portion of the policy. The policy contained language, similar to the Nationwide policy, excluding as uninsured the insured vehicle. In finding the family vehicle was not uninsured the court said, "It is insured and it does not become uninsured because liability coverage may not be available to a particular individual." Id. at 1173. Accord Brixius v. Allstate Ins. Co., 589 So.2d 236 (Fla. 1991).[3]
The Estate argues the Simon vehicle is uninsured because the Allstate policy was not sufficient to cover the damages and relies on Lee v. State Farm Mut. Auto Ins. Co., 339 So.2d 670 (Fla. 2d DCA 1976), and Deville v. Allstate Ins. Co., 603 So.2d 556 (Fla. 3d DCA 1992), in support of this assertion. These cases are distinguishable because the vehicles which were declared uninsured were not also insured under the same policies. Lee, a minor, was injured in a vehicle operated by his brother and insured under a policy issued to the brother. Lee was denied benefits under a family exclusion provision of the brother's policy. He claimed and recovered UM benefits under a policy issued to his father which covered two other vehicles. The vehicle involved in the accident was not, however, insured under the liability portion of the father's policy.
Similarly, Deville was injured in a vehicle operated by her father but owned by his employer. The employer's insurance carrier paid the limits of its liability coverage. Her injuries were substantial, and she sought UM benefits under a policy issued to her father. She was allowed to recover UM benefits because the vehicle was not insured under the liability portion of the father's policy.
While both the Allstate and the Nationwide liability policies covered the Simon vehicle, the Nationwide policy clearly limited UM *983 coverage to a vehicle not covered in the liability section of the policy. The trial court, therefore, erred in awarding the Estate UM benefits under the Nationwide policy. We reverse the final judgment awarding $200,000.00 in UM benefits to the Estate of Aileen Lattanzio.
THREADGILL, C.J., and FULMER, J., concur.
NOTES
[1] There is no claim that any other driver was negligent or that any other driver's negligence contributed to the accident.
[2] Item I extends coverage to vehicles not owned by the insured but being operated by the insured because the owned vehicle is out of use because of breakdown, repair, servicing or loss.
[3] After Brixius the legislature amended section 627.727(3), Florida Statutes (1991), by adding subsection (c). That subsection is not applicable to this case because it affects claims invoking nonfamily tortfeasors.