722 So.2d 865 (1998)
Ann McDANIEL, as Personal Representative, etc., Appellant,
v.
LIBERTY NATIONAL LIFE INSURANCE COMPANY, etc., Appellee.
No. 97-3367.
District Court of Appeal of Florida, Fifth District.
November 20, 1998.
Rehearing Denied January 5, 1999.
Charles R. Steinberg of Charles R. Steinberg, P.A., Orlando, for appellants.
John L. Sewell and David B. Falstad of Gurney & Handley, P.A., Orlando, for appellee.
ANTOON, J.
Ann McDaniel, as personal representative of the insured's estate, appeals the trial court's order entering summary final judgment in favor of Liberty National Life Insurance Company (Liberty), arguing that the trial court erred in determining that the insured had properly effectuated a change in the beneficiary to her life insurance policy.
*866 We agree and reverse with instructions to enter judgment in favor of Ms. McDaniel.
In 1992, the insured, Genell R. Jackson, purchased a life insurance policy from Liberty. She named her husband Jimmy Jackson as the beneficiary of the policy. After Mr. Jackson died, the insured married Mr. Willie Brown and changed her last name to Brown. Liberty's agent, Steven Hart, testified that the insured told him that she wanted to change her last name on her policy and to designate Willie Brown as her beneficiary. She signed a form directing Liberty to change her last name on the policy from Jackson to Brown. The form also contained a line entitled "beneficiary designation." The line was provided so that an insured could write in the name of the person to be designated as the beneficiary if the insured intended to make such a change. Although a box next to the line was checked, the line was left blank.
The insured died in 1995 while married to Willie Brown. Willie Brown requested payment from Liberty under the insured's policy. Liberty investigated the claim and was informed by Steven Hart that the insured had instructed him to change the beneficiary on her policy to Willie Brown but that he had neglected to do so. Based upon this information, Liberty paid the entire proceeds of the insured's policy to Willie Brown.
Ms. McDaniel was appointed personal representative of the insured's estate and thereafter sued Liberty. The lawsuit alleged that the insured's estate was entitled to receive the proceeds of her life insurance policy because the policy's named beneficiary, Jimmy Jackson, was deceased. In support of this argument, the pleadings cited to the terms of the insured's policy which provided, in relevant part:
Beneficiary. If no named Beneficiary survives the Insured, the proceeds will be paid to the Owner, if living; otherwise to the Owner's estate.
Change in Policy Owner and Beneficiary. Unless you provide otherwise in writing to us, you may change the Owner or Beneficiary during the lifetime of the Insured. Changes must be made by written request filed with us. The change will take effect on the date the request was signed, but it will not apply to payments made by us before we accept the request in writing.
Both parties filed motions for summary judgment. After conducting a hearing on these motions, the trial court entered summary judgment in favor of Liberty concluding that the proceeds from the insured's policy had been properly paid to Willie Brown.
It is well established in Florida that an insured's right to change the beneficiary of a life insurance policy depends on the terms of the policy. See Shuster v. New York Life Ins. Co., 351 So.2d 62, 64 (Fla. 3d DCA 1977), quashed in part on other grounds, 373 So.2d 916 (Fla.1979). Florida courts have required strict compliance with the terms of the policy in order to effectuate a change in the beneficiary. See Warren v. Prudential Ins. Co. of America, 138 Fla. 443, 189 So. 412 (1939). As a result, proof of an insured's mere intent to change the beneficiary is insufficient to accomplish such a change. See Brown v. Di Petta, 448 So.2d 561, 562 (Fla. 3d DCA 1984).
Notwithstanding Steven Hart's uncontroverted testimony regarding his conversation with the insured, Jimmy Jackson remained the beneficiary of the insured's policy because the insured failed to strictly comply with the terms of her policy which required her to file a written request to change her beneficiary to Willie Brown. Accordingly, the proceeds from the insured's Liberty insurance policy should have been paid to the insured's estate.
In support of its position that the proceeds were properly paid to Willie Brown, Liberty relies on Smith v. Wilson, 440 So.2d 442 (Fla. 1st DCA 1983), rev. denied, 447 So.2d 888 (Fla.1984), and certain out-of-state authority. See Tomilio v. Pisco, 123 Pa.Super. 423, 187 A. 86 (1936). This reliance is misplaced.
In Smith, the insured completed the insurance company's form indicating a change in the name of the beneficiary on his policy, and he delivered the form to his employer who was acting as the company's agent. 440 So.2d at 444. However, the employer failed to file the form with the insurance company *867 as required under the policy. Id. The first district concluded that the insured's change in beneficiary was effective because the insured had done everything he could do to effectuate the change. Id. The instant case is factually distinguishable from Smith in that Ms. Brown did not complete the required form changing the beneficiary on her policy. Furthermore, the ruling in Tomilio, is neither controlling nor persuasive because, unlike Florida, Pennsylvania law only requires insureds to substantially comply with the terms of an insurance policy in order to effectuate a change of beneficiary. Cf. Tomilio, 187 A. at 86.
Accordingly, we reverse the order entering summary judgment in favor of Liberty and remand this matter to the trial court with directions to enter judgment in favor of Ms. McDaniel.
REVERSED and REMANDED.
GOSHORN and PETERSON, JJ., concur.