FULMER, Acting Chief Judge.
Cheryl Duran appeals a final summary judgment in favor of Owners Insurance Company (“Owners”) in her suit to recover *308 insurance proceeds under a personal property floater for the loss of six fur coats. We reverse because the policy’s infidelity exclusion does not unambiguously describe the personal property to which it applies.
This case turns on the construction of the “Personal Articles Floater Policy” (“policy”) issued by Owners to Duran. This policy is an all risk personal property floater covering specifically scheduled items of personal property and newly acquired property. The fur coats were scheduled items.
In December 1993, Duran decided to sell her six fur coats. She entrusted the coats to a friend, Michael Anthony, who promised to sell them for her. Although Anthony gave Duran a receipt, he did not pay her for the coats. Anthony disappeared with them and Duran lost all contact with him. Duran filed a claim with Owners, who denied the claim based on an exclusion in the policy for “[ljoss caused in [sic] infidelity of insured’s employees or persons to whom the insured property is entrusted.” This exclusion is set out in a section of the policy labeled: “As to Miscellaneous Property.”
Owners’ policy is a little unusual. It contains a section entitled “Perils Insured Against — Exclusions.” After explaining that Owners insures against all risks of physical loss, this section contains a four-part series of exclusions. The first part excludes losses, apparently to any insured item, “caused by” five enumerated causes, e.g. insects or vermin. The second part excludes certain risks associated with “Fine Art.” The third part concerns risks associated with “Postage Stamps or Rare and Current Coin Collections.” The final part is the one entitled: “As to Miscellaneous Property.” It contains five exclusions. One exclusion is “rust, fouling or explosion of firearms.” Another is the “loss caused in [sic] infidelity” exclusion. The policy contains no definition of “miscellaneous property.”
If Owners intended the loss by infidelity clause to apply to all insured property, it should have placed this exclusion in the first part applicable to all property. As written, the policy contains no loss by infidelity clause for fine art, stamps or coins. In the alternative, if Owners intended the loss by infidelity clause to apply only to certain “miscellaneous” categories of personal property and not to all insured property, then it provided the insured with no guidance concerning the intended narrower list of items. It is clear that this policy is frequently used to insure furs because furs are specifically identified as items that receive automatic coverage under the newly acquired property section. There is another section that contains special conditions applicable to golfer’s equipment, musical instruments and silverware, but furs are not treated as special in any fashion in that section. Thus, although it is clear that fine art, stamps and coins, are excluded from the list of miscellaneous property, one is left to guess as to the items that might fall within the category.
Insurance contracts are reviewed as a whole, viewing all words in context. See § 627.419(1), Fla. Stat. (1997) (“Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by -any application therefor or any rider or endorsement thereto”); see also Nationwide Mut. Fire Ins. Co. v. Olah, 662 So.2d 980, 982 (Fla. 2d DCA 1995) (“[w]hen construing an insurance policy to determine coverage the pertinent provisions should be read in pari materia.”). Where a policy term is subject to differing interpretations, the term should be construed strictly against the insurer and liberally in favor of the insured. State Farm Fire and Cas. Co. v. CTC Dev. Corp., 720 So.2d 1072, 1076 (Fla.1998). “[W]hen an insurer fails to define a term in a policy, ... the insurer cannot take the position that there should be a ‘narrow, restrictive interpretation of the coverage provided.’ ” Id. (quot *309 ing State Comprehensive Health Ass’n v. Carmichael, 706 So.2d 319, 320 (Fla. 4th DCA 1997)).
Viewing the exclusion in the context of the whole contract, we conclude that the policy is ambiguous as to whether the fur coats were “miscellaneous property.” Because we construe the ambiguous term in favor of Duran, we reverse the summary judgment and remand for further proceedings.
Reversed and remanded.
NORTHCUTT and SALCINES, JJ„ Concur.