758 So.2d 1161 (2000)
Bryant H. WALKER and Lorry Jo Walker, Appellants,
v.
STATE FARM FIRE & CASUALTY COMPANY, a foreign corporation, Appellee.
No. 4D99-0712.
District Court of Appeal of Florida, Fourth District.
April 19, 2000.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, and David J. Chesnut of David J. Chesnut, P.A., Stuart, for appellants.
Elizabeth K. Russo and Catherine J. MacIvor of Russo Appellate Firm, P.A., Miami, and Sachs, Sax & Klein, P.A., Boca Raton, for appellee.
SHAHOOD, J.
Appellants bought a homeowner's policy from State Farm Fire and Casualty Company ("State Farm"), which included coverage for personal property losses up to $107,250. Their home was burglarized, and $46,230 worth of rare coins were stolen. Appellants filed a claim with State Farm to recover for the loss, but were paid only $200 pursuant to the following special limitation in their insurance policy, which State Farm contended was controlling:
Special Limits of Liability. These limits do not increase the Coverage B limit. The special limit for each of the following categories is the total limit for each loss for all property in that category.
a. $200 on money, bank notes, coins and medals.
*1162 Appellants then filed a suit for breach of contract against State Farm alleging that the stolen coins were "rare collectible coins," a category which fell outside of the special limitation. State Farm moved to dismiss the complaint arguing that, based upon the policy's special limitation of $200, the amount of damages fell below the jurisdictional minimum of the court. The court granted the motion based on the limiting language in the policy, which the court found to be clear and unambiguous. Judgment was entered in favor of State Farm.
Appellants appeal the trial court's ruling, and argue here that dismissal based on the policy language was improper because the language is ambiguous. Specifically, appellants contend that it is unclear whether the term "coins" as used in the policy refers to coins which are currently being used as a form of money, or whether it refers to rare, collectible coins which, by virtue of their value, are no longer used as currency, but are considered personal property. If, as appellants argue, the term refers to only coins which are used as a form of currency, and not rare, collectible coins, then the exclusion does not apply in this case, and appellants are entitled to compensation for their loss.
While appellants' argument in support of their position is indeed creative, we shall not undertake a lengthy discussion of the rules governing construction of contracts, or the cases from foreign jurisdictions which have addressed the issue because we agree that the language of the policy is clear and unambiguous. In construing a contract, the court should consider its plain language and take care not to give the contract any meaning beyond that expressed. See Walgreen Co. v. Habitat Dev. Corp., 655 So.2d 164, 165 (Fla. 3d DCA 1995) (citations omitted). When the language is clear and unambiguous, it must be construed to mean "just what the language therein implies and nothing more." Id. We find that the term "coins" as used in the policy means exactly that. There is no separate distinction for coins used as currency or rare, collectible coins.
Insurance contracts are to be reviewed as a whole, viewing all words in context. § 627.419(1), Fla. Stat. (1997); Nationwide Mut. Fire Ins. Co. v. Olah, 662 So.2d 980, 982 (Fla. 2d DCA 1995). Further evidence that "coins" means all "coins," including rare, collectible ones, is the fact that the special limitation excludes not only "coins," but "money, bank notes, coins and medals." If the insurance company had intended to exclude from coverage only coins used as currency, use of the term "money" would have sufficed because coins used as currency are a form of money. Instead, the drafters listed "coins" as well as "money." A plain reading of the contract, viewing all words in context, leads to the inescapable conclusion that the limitation contemplates not only coins used as money, but also rare, collectible coins. We, therefore, affirm the trial court's dismissal because the $200 maximum, which is the most appellants would be able to recover for their loss, is well below the jurisdictional minimum.
AFFIRMED.
WARNER, C.J., and GROSS, J., concur.