DAMOORGIAN J.
Eric A. Simon (“Husband”) appeals from an order on his “Motion for Order Prohibiting Wife [Janie Noble Simon] From Removing Personal Property From Marital Home And Requiring Wife To Return Personal Property Removed.” We reverse, concluding that the trial court erred by failing to enforce the parties’ Premarital Agreement and amendments thereto (collectively “Agreement”) with respect to certain artwork removed from the marital home by Wife.
This appeal arises out of a dissolution proceeding between Husband and Wife. Relevant to this appeal is a post-nuptial amendment to Paragraph 18 of the parties’ Premarital Agreement. The amendment provided in part that upon dissolution of marriage:
The parties shall each be entitled to retain any artwork owned by them prior to the marriage. Any artwork acquired during the marriage shall be divided between the parties. In the event the parties are unable to agree as to the division of such artwork, same shall be divided by the parties each selecting pieces, alternatively one piece at a time, with [Wife] having the right to the first selection, until all of the artwork has been selected.
(emphasis added).
While dissolution proceedings were pending, Husband filed the aforementioned motion regarding the parties’ personal property. The motion alleged inter alia that upon visiting the marital home Husband observed that Wife had removed virtually all of the artwork the parties acquired during their marriage and some of the artwork acquired by Husband prior to the marriage, in violation of the Agreement. The motion explained that Wife was only entitled to remove artwork that she acquired prior to the marriage of the *215 parties, and one-half of any artwork acquired during the marriage, after being selected by the parties on a piece-by-piece basis. The trial court conducted an evi-dentiary hearing on the motion.
It is undisputed that the Agreement is valid and that Wife sold pieces of artwork which were subject to the amended version of Paragraph 18 of the Agreement. Wife presented testimony in support of her argument that she was justified in doing so. Husband submitted evidence to the contrary, supporting his argument that Wife breached the Agreement by selling the art. Following the hearing, the trial court entered its order, which provided in pertinent part:
4. As to the artwork acquired during the marriage, the Court finds that certain of such artwork is located and remains in the parties’ Snow-mass home, and certain of such artwork was in the Boca Raton home of the parties and has been removed by Mrs. Simon. The testimony given at the hearing was conflicting (he said, she said). In listening to the testimony of the parties, this Court finds the issue of the artwork to be a wash. Mrs. Simon is to keep the artwork acquired after the marriage that she removed from the Boca Ra-ton home and Mr. Simon is to keep the artwork in the Snowmass home. The artwork division is now complete.
NOW, THEREFORE, IT IS ORDERED AND ADJUDGED as follows:
[[Image here]]
2. The artwork that Mr. Simon acquired prior to the marriage of the parties, together with his personal effects, his clothing, and so forth, shall be returned to him as agreed to by the parties.
[[Image here]]
4. Mr. Simon shall be entitled to the artwork that was acquired by the parties during their marriage which is in the parties’ Snowmass home. Mrs. Simon shall be entitled to the artwork that was acquired by the parties during their marriage which was in their Boca Raton home and which she has removed from such home. The artwork division is now complete.
Husband filed a motion for reconsideration, which was denied. The motion asserted that the trial court’s order had deviated from the specific procedure for division of artwork contained in the Agreement. This appeal follows.
On appeal, Husband similarly contends that the trial court erred by dividing the art based on location, instead of according to the terms of the Agreement. We agree.
A postnuptial agreement is subject to interpretation like any other contract. See, e.g., Bakos v. Bakos, 950 So.2d 1257, 1259-60 (Fla. 2d DCA 2007). “The trial court’s interpretation of a contract is a matter of law subject to a de novo standard of review.” See Chipman v. Chipman, 975 So.2d 603, 607 (Fla. 4th DCA 2008).
The trial court’s order ignored the clear and unambiguous language in the Agreement regarding the division of the artwork. As recently summarized by this court in Continental Florida Materials v. Kusherman, 91 So.3d 159 (Fla. 4th DCA 2012):
“In construing a contract, [we] should consider its plain language and take care not to give the contract any meaning beyond that expressed. When the language is clear and unambiguous, it must be construed to mean ‘just what the language therein implies and nothing more.’ ” Walker v. State Farm, Fire & Cas. Co., 758 So.2d 1161, 1162 (Fla. 4th *216 DCA 2000) (quoting Walgreen Co. v. Habitat Dev. Corp., 655 So.2d 164, 165 (Fla. 3d DCA 1995)) (internal citation omitted). And “ ‘[we are] not empowered to rewrite a clear and unambiguous provision, nor should [we] attempt to make an otherwise valid contract more reasonable for one of the parties.’ ” Rodriguez v. Builders Firstsource-Florida, LLC, 26 So.3d 679, 682 (Fla. 4th DCA 2010) (quoting N. Am. Van Lines v. Collyer, 616 So.2d 177, 179 (Fla. 5th DCA 1993)).
Id. at 164.
The Agreement could not be clearer. It provided for the manner by which the parties were to divide their artwork obtained during the marriage. The artwork should have been divided accordingly. The parties are entitled to all of the advantages and disadvantages of their Agreement. As such, we reverse and remand for further proceedings consistent with this opinion. Our reversal is without prejudice for the parties to seek alternative remedies in the event specific performance is unavailable.

Reversed and Remanded.

WARNER and CONNER, JJ., concur.