# Third District Court of Appeal

## State of Florida

Opinion filed May 5, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-141
Lower Tribunal Nos. 17-4572 CC & 20-131AP
_____

**Express Damage Restoration, LLC, etc.,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Myriam Lehr, Judge.

The Diener Firm, P.A., and Erik D. Diener (Plantation), for appellant.

Cole, Scott & Kissane, P.A., and David C. Borucke (Tampa), for appellee.

Before LOGUE, SCALES and LOBREE, JJ.

SCALES, J.

In this first party insurance action filed in the county court, Express Damage Restoration, LLC ("EDR"), as the assignee of the insured, Marie Casimir, appeals a final summary judgment entered in favor of Citizens Property Insurance Corporation ("Citizens") on EDR's declaratory judgment action. EDR's action sought a determination that Citizens wrongfully invoked the underlying homeowner's insurance policy's appraisal provision to resolve a disagreement between the parties as to both the necessity of the water mitigation services provided by EDR and the reasonableness of EDR's charges for those services. In its May 31, 2020 final summary judgment order, the trial court determined that the subject appraisal provision clearly and unambiguously applies to EDR's claim for water mitigation services. For the following reasons, we agree and affirm.

## I.      RELEVANT FACTS AND PROCEDURAL HISTORY

Citizens issued an HO-3 homeowner's insurance policy covering Marie Casimir's home for the policy period between February 24, 2016 and February 24, 2017. On September 14, 2016, the interior of Ms. Casimir's home sustained water damage. Ms. Casimir then retained EDR to perform water mitigation services in her home. In return for EDR's services, Ms. Casimir gave EDR an assignment of benefits that entitled EDR to collect any

2

and all insurance benefits and proceeds due to Ms. Casimir for a covered claim under the subject Citizen's policy.

Following the completion of its water mitigation services inside Ms. Casimir's home, EDR provided Citizens the assignment of benefits executed by Ms. Casimir and an itemized invoice charging $7,604.33 for EDR's services. Citizens's own appraiser then evaluated the invoice and prepared a detailed report determining that the cost for the reasonable and necessary water mitigation services provided by EDR should have been only $2,355.99. On February 13, 2017, Citizens sent EDR a letter advising EDR that Citizens considered EDR's invoice to be excessive (by $5,248.34). Citizens's letter demanded an appraisal to resolve the parties' disagreement over the reasonable costs of the mitigation services. Citizens attached to the letter its appraiser's evaluation report along with a check for $2,355.99 (representing the amount Citizens had determined was reasonable for the mitigation services).

On March 13, 2017, EDR filed the instant action in the county court. EDR's second amended complaint for declaratory relief sought a determination that the subject policy's appraisal provision did not apply to water mitigation services and, therefore, Citizens had wrongfully invoked the policy's appraisal provision.

3

Because the facts were not disputed and the action presented only questions of contractual interpretation, the parties filed competing motions for summary judgment. After conducting a hearing on the parties' motions, the trial court entered its May 31, 2020 final summary judgment order concluding that the dispute was subject to the policy's appraisal provision and ordering the appraisal process to commence. Specifically, the trial court concluded that "the language of the appraisal provision of the subject policy is clear and unambiguous, straightforward, and that appraisal is appropriate for this [water mitigation services] claim." EDR timely appealed this May 31, 2020 final summary judgment order.[1]

## II.    ANALYSIS[2]

---

[1] Frequently, a trial court order compelling appraisal under an insurance policy will reserve jurisdiction to, among other things, enforce the terms of any appraisal award. Hence, we generally review orders that determine a party's entitlement to appraisal under an insurance policy as nonfinal orders pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). In this case, though, the challenged order does not reserve jurisdiction, and is characterized by both parties as a final order. In fact, the order contains standard language of finality expressly stating that it "is final and closes the case" and that "(EDR) shall take nothing by this action and (Citizens) shall go hence without day."

[2] We review *de novo* an order granting summary judgment. Gidwani v. Roberts, 248 So. 3d 203, 206 (Fla. 3d DCA 2018). We review the interpretation of an insurance policy *de novo*, as well. Cheetham v. S. Oak Ins. Co., 114 So. 3d 257, 261 (Fla. 3d DCA 2013).

4

EDR argues that the policy's appraisal provision applies only to disputes regarding the valuation of property damaged by a covered loss, and not to disputes regarding the valuation of services (such as those performed by EDR) undertaken after a covered loss to prevent further property damage. The relevant text of the policy's appraisal provisions, coupled with the structure of the subject insurance policy, bely EDR's argument.

A. *The structure of the Citizens policy*

The subject HO-3 Citizens insurance policy provides the insured with coverage for both property (in the policy's Section I) and liability (in the policy's Section II).[3] Section I contains four distinct parts. The first part of Section I, labeled "PROPERTY COVERAGES," details the different coverages provided for the insured's property, including the insured's dwelling, other structures, personal property and loss of use. Included in this first part of Section I, and relevant to this case, is a schedule of "Additional Coverages" that includes "Reasonable Repairs" that are "incurred by [the insured] for necessary measures taken solely to protect against further damage." This is the policy provision that covers the post-loss services performed by EDR.

---

[3] The policy's liability provisions contained in Section II are not implicated in this appeal.

The second part of Section I identifies the "PERILS INSURED AGAINST." The third part of Section I outlines "EXCLUSIONS" to the property coverage. The fourth part of Section I contains a host of "CONDITIONS" applicable to all Section I coverages.

B. *The policy's appraisal provision*

The policy's appraisal provision is contained in the fourth part (labeled "CONDITIONS") of Section I, and reads, in relevant part, as follows:

**F. Mediation or Appraisal**

2. Appraisal.

Appraisal is an alternate dispute resolution method to address and resolve disagreement regarding the amount of the covered loss.

a.  If you and we fail to agree on the amount of loss, either party may demand an appraisal of the loss.  If you or we demand appraisal, the demand for appraisal must be in writing and shall include an estimate of the amount of any dispute that results from the covered cause of loss.

The estimate shall include a description of each item of damaged property in dispute as a result of the covered loss, along with the extent of damage and the estimated amount to repair or replace each item.

. . . .

f.  The appraisal award will be in writing and shall include the following:

6

(1) A detailed list, including <u>the amount to repair or replace</u>, of each specific item included in the award from the appraisal findings;

(2) The agreed amount of each item, <u>its replacement cost value and corresponding cash value</u>; and

(3) A statement of "This award is made subject to the terms and conditions of the policy."

. . . .

h. You, we, the appraiser and the umpire shall be given reasonable and timely access to <u>inspect the damaged property</u>, in accordance with the terms of the policy.

(Emphases added).

C. *Applicability of the policy's appraisal provision to the dispute*

The subject appraisal provision unambiguously provides that either party may demand appraisal "to address and resolve disagreement regarding the amount of the covered loss." In this appeal, as below, EDR concedes that the work it performed is part of "the amount of the covered loss." Notwithstanding this concession, EDR claims that the parties' dispute over EDR's invoice for water mitigation services is not subject to appraisal because, according to EDR, the appraisal provision's language "narrow[s] the scope of appraisal by defining specific requirements of the appraisal process that are impossible once services/repairs are complete and are only possible with respect to existing property damage." Specifically, EDR relies

7

upon the provision's language – emphasized above – requiring that the written estimate address the cost of repairing "each item of damaged property" as well as any corresponding depreciation applicable thereto, and also the requirement that timely access be given "to inspect the damaged property." Claiming that the appraisal provision's language is ambiguous, EDR argues that the provision can reasonably be construed as applying only to property damage resulting from a covered loss, and not also to water mitigation services performed in order to prevent further damage to the property.

As mentioned above, EDR's water mitigation services are covered under the first part of the policy's Section I. The appraisal provision is also contained under Section I of the policy as a "CONDITION" to coverage under Section I. The structure of the policy, therefore, indicates that the appraisal provision applies to water mitigation services that are incurred to protect covered property against further damage. See Walker v. State Farm Fire & Cas. Co., 758 So. 2d 1161, 1162 (Fla. 4th DCA 2000) ("Insurance contracts are to be reviewed as a whole, viewing all words in context."); Nationwide Mut. Fire Ins. Co. v. Olah, 662 So. 2d 980, 982 (Fla. 2d DCA 1995) ("When construing an insurance policy to determine coverage the pertinent provisions should be read in pari materia.").

8

EDR suggests that the appraisal provision applies only to dwelling and other structures coverages that also appear as coverages under the first part of the policy's Section I. We simply find no support for this argument in any provision of the policy or in the structure of the policy. Indeed, the language of the appraisal provision and the structure of the policy plainly and unambiguously provide that disputes over valuation of "Reasonable Repairs" performed pursuant to the policy – such as those performed by EDR in this case – are subject to the policy's appraisal provision.

III. **CONCLUSION**

The subject appraisal provision provides that either party may demand an appraisal to resolve a "disagreement regarding the amount of the covered loss." It is not disputed that the water mitigation services performed by EDR are part of the amount of the covered loss. Reading the policy as a whole and giving the appraisal provision its plain meaning, we conclude that the appraisal provision is unambiguous and that the provision applies to the instant claim for water mitigation services. Accordingly, we affirm the trial court's May 31, 2020 final summary judgment order.

Affirmed.

9