# Third District Court of Appeal

## State of Florida

Opinion filed July 27, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2045
Lower Tribunal No. 21-8645
_____

**Ophir Sternberg,**
Appellant,

vs.

**RP & NP Corp.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., and Alan J. Kluger and Lisa J. Jerles, for appellant.

Tables Law Group, P.A., and Ryan Tables (Hollywood), for appellee.

Before LOGUE, LINDSEY, and MILLER, JJ.

LOGUE, J.

Ophir Sternberg appeals the trial court's order granting final summary judgment in favor of RP & NP Corporation. This appeal from a final judgment in a declaratory action requires us to interpret a provision in a residential lease contract granting the lessee a right of first refusal to purchase the subject property. Sternberg argues that both the terms of the lease and the parties' course of conduct created a fact issue precluding summary judgment. Because the purchase option and right of first refusal terms are clearly defined in the lease agreement, and the lease conclusively establishes that the effective periods of those terms had expired by the time Sternberg attempted to execute his right of first refusal, we affirm.

## Factual and Procedural Background

RP & NP leased the subject residential property to Sternberg through an agent. The lease agreement contained a purchase option and a right of first refusal. Because this case relies on contract interpretation, the relevant portions of the contract are reproduced below:

> 3.     TERM. This is a Lease for a term of 13 months, beginning on April 1, 2018, and ending April 30, 2019 (the "Initial Lease Term"), unless terminated earlier in accordance with paragraph 23 below.
> . . .
> 5.     OPTION TO EXTEND. Tenant shall have the option, prior to the end of the Initial Lease Term, to renew this Lease for an additional six (6) months (the "Option Term"). Tenant shall notify Landlord prior to

2

the end of the Initial Lease Term if Tenant desires to exercise the Option Term.

. . .

24. PURCHASE OPTION. Tenant shall have the exclusive right during the Lease Term (including both the Initial Lease Term and the Option Term) to purchase the Unit for Six Million Eight-Hundred and Fifty Thousand Dollars ($6,850,000.00) (the "Option Price"). . . . In addition, during the Option Term only (if exercised), Landlord shall have the right to list the Unit for sale, subject to a right to first refusal in favor of Tenant to match any offer made in connection therewith.

Near the end of the Initial Lease Term, Sternberg and RP & NP executed an amendment with the following relevant terms.

2. **Term:Rent**. Landlord and Tenant agree that the Term of the Lease shall be extended through April 30, 2020 and rent for the period from May 1, 2019 through and including April 30, 2020 (the "Renewal Lease Term") . . . .

. . .

4. **Effectiveness of Lease**. Except as modified by the First Amendment, all the terms of the Lease shall remain unchanged and in full force and effect.

The Amendment did not change any of the aforementioned terms of the original lease. A second amendment was later executed to further extend the lease. The Second Amendment did not amend any of the aforementioned terms of the original lease or of the first amendment.

With Sternberg's knowledge, in February 2021, RP & NP began to show the property to several potential buyers. RP & NP eventually agreed to

3

sell the property for $5,500,000.00. After he was informed that the property was sold, Sternberg attempted to execute on a claimed right of first refusal and purchase the property for $5,500,000.00.

RP & NP brought this action for a declaration of rights and moved for summary judgment. The trial court relied on the lease contract and subsequent amendments to determine that the lease clearly defined the dates in which Sternberg's right of first refusal existed, and that the time for Sternberg to execute such a right had passed. Consequently, in a well-reasoned order, the trial court granted summary judgment.

## Analysis

This Court reviews a trial court's order granting summary judgment de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 10 (Fla. 2000). "When a contract is clear and unambiguous, the court is not at liberty to give the contract any meaning beyond that expressed." Obara v. State, 958 So. 2d 1019, 1022 (Fla. 5th DCA 2007). Instead, an unambiguous contract must be construed to mean "just what the language therein implies and nothing more." Walgreen Co. v. Habitat Dev. Corp., 655 So. 2d 164, 165 (Fla. 3d DCA 1995) (citations omitted).

The terms of the lease agreement are clear and unambiguous. During the Lease Term, Sternberg had the option to purchase the property at any

time for $6,850,000.00. "During the Option Term only," Sternberg had the right of first refusal. The Option Term was defined in paragraph 5 of the original lease agreement as a six-month period following the Initial Lease Term which would only be triggered if Sternberg executed his unilateral right to extend the lease.

Instead of executing his unilateral right to extend, and thereby triggering the Option Term, Sternberg entered into a subsequent contract keeping all definitions of the Initial Lease—including the definition of the Option Term—but creating a "Renewal Period." Because Sternberg never entered, and certainly had passed the time for, the "Option Period," he had no right of first refusal. Therefore, any attempt he made to execute on that right was of no legal force or effect.

Affirmed.