[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10220

_____

AMERICAN GENERAL LIFE INSURANCE COMPANY,

Plaintiff-Counter Defendant-Appellee,

*versus*

O.H.M.
a.k.a. O.H.S., a minor,

Defendant-Appellee,

LISA MAHARAJH,
in her individual capacity,

LISA MAHARAJH,

as Personal Representative of the Estate of Dev-Anand A. Maharajh,

Defendants-Counter Claimants-Appellants.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-01581-WFJ-CPT

————————————

Before GRANT, TJOFLAT, and ED CARNES, Circuit Judges.

PER CURIAM:

Lisa Maharajh appeals the district court's grant of summary judgment in favor of O.H.M. as the beneficiary of a life insurance policy. We affirm.

**I.**

In 2003, decedent Dev-Anand Maharajh purchased a one-million-dollar life insurance policy from American General Life Insurance Company. At the inception of the policy, the decedent named his then-wife Jennifer as primary beneficiary and any children born to that marriage as contingent beneficiaries. In July 2008, while his divorce from Jennifer was pending, the decedent submitted to American General a request to designate his

daughter, O.H.M., who was born after the policy was purchased, as one hundred percent beneficiary. He additionally named Jennifer as trustee for O.H.M. under the Minor Beneficiary Clause. The decedent divorced Jennifer in September 2008 and married Lisa a year later. In November 2009, the decedent submitted another request to modify his beneficiary designations. The 2009 request listed Lisa as seventy-five percent primary beneficiary and O.H.M. as twenty-five percent primary beneficiary. The decedent also listed O.H.M. and Lisa's minor child from a previous relationship as fifty percent contingent beneficiaries.

The following week, American General sent the decedent a letter that stated, in part, the following:

> We are unable to complete your request until such time as the item(s) below have been resolved:
>
> - Separate parties should be assigned for primary and contingent beneficiary designations.
>
> - Please provide the relationship of the new contingent beneficiary [redacted] to the insured.
>
> Please complete, sign, and date the enclosed change form(s) and return it to our office.

The letter from American General included a blank copy of the form completed by the decedent the previous week and two pages of "Instructions and Conditions." The decedent never responded.

The decedent died in April 2020, having paid all premiums billed for the subject policy up to his death. In the following weeks, American General received two "Proof of Death Claimant's

Statements": one signed by Lisa and the other signed on behalf of O.H.M. by Jennifer as parent and legal guardian.

American General filed a complaint for interpleader relief because it was uncertain who was entitled to the death benefit under the policy. O.H.M. moved for summary judgment. No facts were in dispute; the parties disagreed only as to the legal significance of the decedent's 2009 beneficiary request and American General's subsequent actions. The district court granted O.H.M.'s motion and entered judgment in her favor. Lisa appeals.

## II.

We review de novo the district court's summary judgment order, viewing the evidence and all factual inferences in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). A district court should grant summary judgment only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where reasonable minds could differ on the inferences arising from undisputed facts, a district court should deny summary judgment. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

## III.

The interpretation of a contract, including whether it is ambiguous, is a question of law that we review de novo. *Reynolds v. Roberts*, 202 F.3d 1303, 1313 (11th Cir. 2000). "In construing a contract, the court should consider its plain language and take care not to give the contract any meaning beyond that expressed.

When the language is clear and unambiguous, it must be construed to mean 'just what the language therein implies and nothing more.'" *O'Brien v. McMahon*, 44 So. 3d 1273, 1277 (Fla. Dist. Ct. App. 2010) (quoting *Walker v. State Farm Fire & Cas. Co.*, 758 So. 2d 1161, 1162 (Fla. Dist. Ct. App. 2000) (citations omitted)). The parties agree that Florida law applies to this dispute.

Under Florida law, an insured's right to change the beneficiary of a life insurance policy depends on the terms of the policy. *McDaniel v. Liberty Nat'l Life Ins.*, 722 So. 2d 865, 866 (Fla. Dist. Ct. App. 1998). The insured must strictly comply with the terms of the policy to effectuate a change in the beneficiary. *Id.* The doctrine of strict compliance exists to protect the insurer, and only the insurer may waive it. *Miller v. Gulf Life Ins.*, 12 So. 2d 127, 130 (Fla. 1942).

Lisa argues that the decedent's 2009 beneficiary request controls because the decedent strictly complied with the terms of his policy governing changes of beneficiary. The relevant policy provision provided:

> While this policy is in force the owner may change the beneficiary or ownership by written notice to us. When we record the change, it will take effect as of the date the owner signed the notice, subject to any payment we make or other action we take before recording.

Florida law requires that we read the phrase "subject to any payment we make or other action we take before recording" "as creating some objectively reasonable standard." *See O'Brien*, 44 So.

3d at 1278–79 (interpreting the similar phrase "Your request must be in writing and in a form that meets our needs"). In other words, any such "other action" must be "objectively reasonable." This reading allows the insurer to protect itself from liability when faced with a defective beneficiary request. *Cf. id.* ("If a policy holder submitted a beneficiary change form that named 'John Smith of New York' as a new beneficiary, it would not be feasible for [the insurer] to act on the request without additional identifying information."). In such cases, strict compliance with the policy may require the insured to respond appropriately in curing any defects.

We agree with the district court that American General's actions upon receiving the decedent's defective beneficiary request were objectively reasonable. The insurer provided the decedent with written notice that identified (a) how the beneficiary request was defective and (b) how to resolve the defects. It even provided him with the necessary form along with instructions for filling it out. Because the decedent neither responded to the notice nor inquired as to the status of his filing in the ten years that followed, we conclude that the decedent did not strictly comply with the terms of the policy.

Lisa raises several unavailing arguments in support of her appeal. First, she argues that "[o]nly the insurance policy"—not the instructions contained in American General's notice to the decedent—"sets forth the terms with which the owner/insured must strictly comply in order to change a beneficiary." But the

22-10220           Opinion of the Court           7

policy allowed American General to take "other action[s] . . . before recording" the beneficiary change, such as requiring the decedent to cure a defective request.

Second, Lisa argues that the "'other action we take' clause is so broad and ambiguous[] that it should be construed against American General and in favor of the insured." This clause is analogous to the one at issue in *O'Brien*, where the insurer required a change request to "be in writing and in a form that meets our needs." *O'Brien*, 44 So. 3d at 1278. In reading this phrase "as creating some objectively reasonable standard," the *O'Brien* court determined that this provision "plainly requires that a beneficiary request contain enough information to allow [the insurer] to act on the request." *Id.* at 1279. We agree with the district court that, under the standard set in *O'Brien*, the "other action" clause—however broad it may be—clearly and unambiguously allowed American General to take objectively reasonable actions before recording the decedent's defective request.

Finally, Lisa argues that "[n]othing in the policy precludes American General from recording" the decedent's "beneficiary change request now, which would make it effective as of the date signed." We disagree. The policy plainly requires that only its "owner" may change the beneficiary. Neither Lisa nor anyone else is entitled—after the owner's death—to change the beneficiary.

⋆      ⋆      ⋆

The decedent filed a defective request to add Lisa as a beneficiary on his policy, and American General's actions in

response were objectively reasonable.  Because the decedent failed to strictly comply with the terms of his policy, we **AFFIRM** the district court's grant of summary judgment in favor of O.H.M.